**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

ROBERT D. SELLERS,                    )
          Plaintiff,                    )
                         )
v.                                                    )        Civil Action No.: 03-PWG-457-S
                         )
TENET HEALTHCARE                      )
CORPORATION, et al.,                    )
                         )
          Defendants.                  )

**ENTERED**

AUG 11 2003

## MEMORANDUM OPINION

This cause comes on to be heard upon plaintiff Robert D. Sellers ("Sellers") and

defendant HEALTHSOUTH Corporation's ("Healthsouth") objections to several orders filed by

the magistrate judge assigned to this case.  Sellers filed his objections (Doc. 30) on July 2, 2003.

Healthsouth filed its objections (Doc. 27) on June 27, 2003.

### FACTS AND PROCEDURAL HISTORY[1]

Sellers is a retired former employee of the Lloyd Noland Foundation ("LNF"), which

operated the Lloyd Noland Hospital and Clinic in Fairfield, Alabama until sometime in 1996.  As

a benefit to retired employees and their dependents, LNF established the Lloyd Noland Retiree

Medical Discount Program, which provided free medical care at the hospital and clinic to its

retirees, including physicians' services and surgical treatment, to the extent that other medical

insurance or Medicare did not cover such services (hereinafter "The Free Program").

In 1996, LNF sold the hospital and clinic to Tenet HealthSystem Medical, Inc.

("THSM").  THSM is the wholly-owned subsidiary of defendant Tenet Healthcare Corporation

---

[1]At this stage, the court will assume as true the facts alleged by Sellers.  *See* Compl. at 1-2; Pl. Obj. at 2-3.



("Tenet"). THSM expressly assumed LNF's responsibilities under The Free Program. In connection with this arrangement, Tenet expressly "guaranteed" THSM's obligations under The Free Plan. In 1999, THSM sold the hospital and clinic to the Fairfield HealthCare Authority ("The Authority"). The Authority also assumed the obligations under The Free Prgram. Immediately after its acquisition of the facilities, The Authority entered into a management agreement with Healthsouth for the operation of the facilities.

Sellers contends that after the management of the hospital was assumed by Healthsouth in 1999, Tenet and Healthsouth breached their contractual duties in that Sellers and other retirees were required to pay and/or have been billed for payment of medical services provided at the facilities.

Sellers filed a class action lawsuit in the Circuit Court of Jefferson County, Alabama on January 27, 2003. Defendants removed the action to this court on February 28, 2003. In the complaint, Sellers alleges breach of contract (Count II) and bad faith failure to pay (Count III) under state law. Sellers also seeks specific performance of the contract (Count I). Sellers requested a trial by jury. On March 7, 2003, both Tenet and Healthsouth filed motions seeking to dismiss counts II and III of the complaint and to strike the jury demand (Docs. 3, 7). On March 28, 2003, Sellers filed a motion to remand the case back to state court (Doc. 10). The central issue with respect to all three of these motions was whether the case was governed by the Employee Retirement Income Security Act of 1974 ("ERISA").

The magistrate judge held that the complaint was governed by ERISA (Doc. 24). Thus, removal was proper. Also, because the case was governed by ERISA, the magistrate judge held that the state law claims of breach of contract and bad faith failure to pay were preempted, and

2

that Sellers did not have the right to a jury trial (Doc. 25).  In summary, the magistrate judge denied Sellers' motion to remand, and granted defendants' motions to dismiss counts II and III and to strike the jury demand.  Sellers objects to these orders.

The other order at issue here was filed in response to Sellers' motion to voluntarily dismiss Healthsouth, filed on March 28, 2003 (Doc. 11).  Sellers noted Healthsouth's "solvency problems and the potential for bankruptcy," and argued that his pursuit of Healthsouth "will not likely result in any benefit to plaintiff but will only complicate and delay plaintiff's efforts to obtain an adjudication of his rights."  Tenet objected on the grounds that Healthsouth was a necessary party, arguing that "Fairfield and/or HealthSouth are the parties currently obligated to administer the LNF Free Program" (Doc. 18).[2]  The magistrate judge denied the motion, stating that dismissal would be "inappropriate" under the circumstances (Doc. 26).  Both Sellers and Healthsouth object to this order.

## ARGUMENTS

I.   **Orders Denying the Motion to Remand, Dismissing Counts II and III, and Striking the Jury Request.**

A.  Sellers' Objections

Sellers contends that for ERISA to preempt state law claims, thus making federal jurisdiction proper, (1) "there must be a relevant ERISA plan," (2) "the plaintiff must have standing to sue under that plan," (3) "the defendant must be an ERISA entity," and (4) "the complaint must seek compensatory relief akin to that available under § 1132(a); often this will be a claim for benefits due under a plan."  *Butero v. Royal Maccabees Life Ins. Co.*, 174 F.3d

---

[2]Healthsouth notes that previously Tenet had filed a motion to compel the joinder of The Authority under Rule 19, arguing that "At all times since 1999, *Fairfield has been wholly responsible for the administration of the LNF Free Program . . . .*"  *See* Healthsouth Obj. at ¶ 2 (emphasis added to motion).

1207, 1211-12 (11th Cir. 1999)(citations omitted).  Sellers concedes that most of these elements are present, but contends that Tenet cannot meet the third prong of the test, i.e., that it is an ERISA entity.

The starting point for this inquiry, Sellers contends, is with the definition of "employer" found in ERISA.  The statute states that "[t]he term 'employer' means any person acting directly as an employer, or indirectly in the interest of an employer, in relation to an employee benefit plan . . . ."  29 U.S.C. § 1002(5).  Here, Tenet cannot meet this definition.  It was THSM, not Tenet, that assumed the obligations of LNF under The Free Program.  THSM, Sellers concedes, may be an ERISA entity.  However, Tenet did not assume any obligations under The Free Program, but rather only guaranteed THSM's obligations.  The issue thus becomes whether the guarantor of an ERISA entity is itself an ERISA entity.

According to Sellers, the Eleventh Circuit, in interpreting the foregoing definition, has asked whether the entity in question had "control over the payment of benefits or a determination of [plaintiff's] rights under the plan."  *Morstein v. Nat'l Ins. Servs., Inc.*, 93 F.3d 715, 723 (11th Cir. 1996)(en banc).  Tenet, as guarantor, could not control the payment of benefits or the determination of Sellers' rights under the plan.  In reality, Tenet is simply a surety.  The Eleventh Circuit has held that "sureties" who are not themselves signatories to a collective bargaining agreement do not fall within the ERISA definition of "employer":

> The phrase, 'in the interests of the employer' is the operative one here.  The surety does not act indirectly in the interests of the employer, but rather acts directly in the interests of employees damaged by the employer's failure to pay.

*Xaros v. United States Fid. & Guar. Co.*, 820 F.2d 1176, 1180 (11th Cir. 1987)(emphasis added).  The court announced the following holding:

4

> We hold that nonsignator subcontractors and sureties are not employers as defined in section 1002(5) of ERISA and as incorporated into section 1145 of the Act, thereby precluding federal subject matter jurisdiction over claims against these nonsignatories for a signatory's failure to make contributions to employee benefit plans. To hold otherwise would constitute an unwarranted departure from the language of, and intent underlying, sections 1002(5) and 1145.

820 F.2d at 1180. *See also Greenblatt v. Delta Plumbing & Heating Corp.*, 68 F.3d 561 (2d Cir. 1995).

Similarly, Tenet is not signatory to The Free Program, but rather simply "guaranteed" performance. There is no material difference between a surety and guarantor in this instance. The relationship between Sellers and Tenet is insufficient to create federal court jurisdiction. Here, Sellers contends, the magistrate judge based his ruling on the false premise that Sellers sought to hold Tenet liable for failing to <u>deliver</u> services and that he sought to require Tenet to <u>deliver</u> services in the future. However, it is THSM, not Tenet, that would be required to deliver services. Tenet is sued only in its capacity as guarantor. This distinction is particularly relevant now, as The Authority currently owns the facilities. Tenet could not deliver services even if delivery were an issue. ERISA does not preempt the claims in this case. Thus, the magistrate judge erred in (1) denying the motion to remand, (2) dismissing Counts II and III of the complaint, and (3) striking the jury demand.

Sellers also contends that even if Healthsouth stays in the case and is an ERISA entity, the court should sever the claims against Tenet and remand them back to the Circuit Court of Jefferson County. *See* 28 U.S.C. § 1441(c) (the court, "in its discretion, may remand all matters in which State law predominates.")

B. Tenet's Response

Tenet also cites the four-pronged analysis found in *Butero*. 174 F.3d at 1212. Sellers has

conceded that all of the elements are present, except for his argument that Tenet is not an ERISA entity. Specifically, Sellers disputes the magistrate judge's statements that he seeks to have Tenet deliver services under The Free Program. However, as the magistrate judge noted, Sellers' complaint seeks money damages and <u>prospective</u> injunctive relief. Specifically, the complaint states several times that Tenet, among others, unconditionally guaranteed the performance of the contract and that it breached the contract. Also, Sellers stated that he sought "specific performance requiring <u>Tenet</u> and Healthsouth <u>to provide the benefits due to Plaintiff and Members of the Plaintiff Class under the Program</u>. *See* Compl. at ¶¶ 3-4, 6, 14-17 (emphasis added). *See also* Tenet Response at 5-6. Sellers has asserted claims against Tenet that could only be asserted against an ERISA entity. His claims are completely preempted.[3]

Tenet also argues that once it is established that this case is preempted under ERISA, it becomes clear that Counts II and III should be dismissed, and that the jury demand should be stricken. *See* Tenet Response at 7-8.

### C. Sellers' Reply

Sellers counters that the complaint clearly states that Tenet was the guarantor of The Free Program, and was in no way required to actually deliver any services. *See, e.g.,* Compl. at ¶ 3. Tenet is not, nor has it ever been, in the position to maintain or even manage The Free Program. Tenet attempts to confuse the court on this issue, Sellers argues, rather than address his argument that sureties, and guarantors that essentially act as sureties, are not ERISA entities.

---

[3]In a footnote, Tenet argues that there is no dispute that Healthsouth is an ERISA entity, and thus the case was properly removed for this reason as well. *See* Tenet Response at 5 n.2.

## II.    Order Denying the Motion to Dismiss Healthsouth

### A. Healthsouth's Objections[4]

Healthsouth notes that the magistrate judge apparently denied the motion to dismiss in light of the motion to join The Authority filed by Tenet, and the "specific averments of the complaint." Healthsouth contends that the motion to join The Authority states that The Authority, not Healthsouth, was "wholly responsible" for administering The Free Program. Thus, that motion, if anything, supports Sellers' motion to dismiss.

As to the averments in the complaint, Healthsouth notes that the "plaintiff is the master of the complaint." *See United States v. Jones*, 125 F.3d 1418, 1428 (11th Cir. 1997). Sellers should be allowed to exercise his right to abandon the allegations against Healthsouth and pursue only Tenet. Healthsouth also notes that the motion to dismiss was filed under Federal Rule of Civil Procedure 41(a)(2), and argues that such motions should be granted unless it will cause clear prejudice to the defendant to be dismissed, i.e., Healthsouth. *See McCants v. Ford Motor Co.*, 781 F.2d 855, 856-57 (11th Cir. 1986). Tenet has argued, without explanation, that it would be harmed by Healthsouth's dismissal. However, this unsupported allegation should not be a basis for denying the motion to dismiss, especially, Healthsouth argues, when it does not object.

Healthsouth also notes that Tenet objected to the motion in part based on Federal Rule of Civil Procedure 19(a), which governs joinder of indispensable parties. Healthsouth contends that the magistrate judge did not base the ruling on Rule 19(a), but in any event it argues that the rule does not apply. Healthsouth claims no interest in this matter, nor would it be impaired by being dismissed. Also, there is no danger that Tenet would incur multiple or inconsistent obligations.

---

[4]Sellers adopted the objection filed by Healthsouth. *See* Sellers Obj. at 6.

### C.  Tenet's Response

Tenet counters that the magistrate judge's order was correct because of class

considerations, because Healthsouth is a necessary party, and because Healthsouth may be

prejudiced if it is dismissed from this action.  As to the class considerations, Tenet notes that

Rule 41 specifically states that it applies "[s]ubject to the provisions of Rule 23(e)."  Fed. R. Civ.

P. 41(a)(1).  Rule 23(e) states that a "class action shall not be dismissed or compromised without

the approval of the court, and notice of the proposed dismissal or compromise shall be given to

all members of the class in such manner as the court directs."  Fed. R. Civ. P. 23(e).  Tenet

contends that this rule applies even prior to class certification, as is the case here.  *See, e.g.,*

*Baker v. America's Mortgage Servicing, Inc.*, 58 F.3d 321 (7th Cir. 1995)("Rule 23(e)

'presumptively applies to all complaints containing class allegations,' including proposed class

actions not yet certified by the district court.")(citation omitted); *see also* Tenet Response at 9

(other cases).[5]

Here, Tenet notes, Healthsouth has publically stated that it does not intend to file for

bankruptcy.  *See* Tenet Response at 10 (citing *Birmingham News* article).  Thus, Sellers' only

basis for dismissal is no longer valid.  And while Healthsouth is correct that the plaintiff is the

"master of the complaint," this argument ignores the fact that Sellers is the putative class

representative who must put aside his own interests in favor of those of the class.  Moreover,

neither Healthsouth nor Sellers has offered any substantive rebuttal to the argument that

Healthsouth is a necessary party under Rule 19(a).  Tenet argues that any judgment against The

---

[5]Tenet does note however, the Eleventh Circuit's opinion in *Rice v. Ford Motor Co.*, 88 F.3d 914, 919-20 n.8 (11th Cir. 1996), in which the court stated that "the applicability of Rule 23(e) to proposed classes prior to their certification is an open question."

Authority, if it is joined in the case, will be binding on Healthsouth.  Healthsouth may be prejudiced if it does not remain in the case, and the potential class may be prejudiced if Healthsouth does not remain in the case.  The magistrate judge properly denied the motion to dismiss.

### D.  Healthsouth's Reply

Healthsouth notes that Tenet has cited no authority for the proposition that Sellers must set aside his own interests of having Healthsouth dismissed in favor of the supposedly contrary interests of an uncertified class.  Healthsouth also quotes from *Rice*, noted above by Tenet, where the court stated that

> Ford argues that the district court based its denial of Ford's motion [to review the dismissal order] on the erroneous legal conclusion that "it is only after the court has determined an action to be a class action that the approval and notice requirements of Rule 23(e) come into play."  Ford contends, citing cases from other circuits for support, that the opposite conclusion is compelled in order to give force to the policy considerations underlying Rule 23(e).

> Ford contends that publicity surrounded the filing of the original complaint, so that unnamed class members who may have otherwise brought individual actions relied on the Puckett plaintiffs to prosecute their claims.  Ford also contends that it could be forced to defend itself against multiple actions because of the lack of notice, since the dismissal leaves open the possibility that the doctrines of collateral estoppel or res judicata would not apply uniformly to all possible individual plaintiffs included in the Puckett class.

> The district court concluded that, in a case like this, "where there is no possibility that the named plaintiffs obtained some benefit at the expense of the putative class ... and the putative class is not prejudiced," the approval and notice requirements of Rule 23(e) do not apply until after class certification.  Regardless of whether this is a correct interpretation of Rule 23(e), the court's statement suggests that the court was mindful of the concerns voiced by Ford when it denied the motion for review.  More importantly, the record fairly supports the district court's conclusion that the risks of prejudice to unnamed class members or to Ford were not so great as to require the court to revisit its dismissal of the action.

88 F.3d at 919-20 (citations omitted).

9

As in *Rice*, Healthsouth argues, there is no possibility that Sellers would obtain some benefit at the expense of the putative class if it was dismissed. And while Healthsouth agrees that any ruling against The Authority would be binding on it, it nonetheless contends that its positions on these issues are irrelevant because The Authority, not Healthsouth, has the contractual obligation. Healthsouth's dismissal will not affect the rights of any of the current parties or putative class members. Also, as noted above, Healthsouth again argues that it does not meet the requirements of Rule 19. *See* Healthsouth Reply at 3-5.

## CONCLUSIONS OF THE COURT

The court will not recount the well-reasoned orders of the magistrate judge. The court has fully considered the briefs of the parties and the magistrate judge's orders. This court will only add that there seems to be no logical reason for a party who guarantees an ERISA obligation not to be considered to be subject to ERISA. The objections of Sellers and Healthsouth will be overruled.

This _____ day of August, 2003.

ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE